UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY L. HUGHES,

          Plaintiff,

     v.

STATE OF WASHINGTON, *et al*.

          Defendant.

CASE NO.  C10-5284RBL/JRC

ORDER TO SHOW CAUSE

     This Civil Rights Action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Magistrate Judge's Rule MJR3 and MJR4.  The Court, having reviewed plaintiff's complaint and the balance of the record contained herein, does hereby find as follows:

     Plaintiff names three defendants and seeks monetary damages.  The defendants are the State of Washington, defense counsel, and the prosecutor in his criminal case.  Plaintiff alleges he was sent to Western State Hospital for a mental health evaluation and that he was and is competent.  He brings this action for the humiliation caused by his transfer to a mental health facility.

ORDER - 1

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). In general, the State of Washington is not a proper defendant to claims alleging civil rights violations. States enjoy eleventh amendment immunity from such lawsuits. Quern v. Jordan, 440 U.S. 332, 344-45 (1979). A state is not a "person" within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989).

Plaintiff's defense counsel, even court appointed counsel, does not act under color of state law and is therefore not a proper defendant in a civil rights action. Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

Prosecutors in the performance of their official duties enjoy prosecutorial immunity from suit. A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages brought under 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity applies when the challenged activity is intimately associated with the judicial phase of the criminal process. Id. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. Id. Prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process. Miller v. Barilla, 549 F.2d 648, 649 n. 3 (9th Cir. 1977).

Thus, none of the named defendants in this action appear to be proper defendants. Based on the foregoing, it is hereby ORDERED that **by no later than July 16, 2010**, Plaintiff shall either file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be summarily dismissed. If an amended complaint is not timely filed or if plaintiff fails to

1    adequately respond, the Court will recommend dismissal of this action prior to service as frivolous

2    pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

3        The Clerk is directed to send plaintiff a copy of this Order.

4        DATED this 9th day of June, 2010.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

ORDER - 3