1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
7                           AT TACOMA

8
9   GREGORY L. HUGHES,                    Case No.  C10-5284RBL/JRC

10                 Plaintiff,             REPORT AND
                                          RECOMMENDATION
11           v.
                                          **NOTED FOR**:
12  STATE OF WASHINGTON, *et al.*,        August 27, 2010

13                 Defendants.

14

15          This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the

16  undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local

17  Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

18          The court recommends this action be dismissed for failure to state a claim with the

19  dismissal counting as a strike pursuant to 28 U.S.C. 1925 (g).  The plaintiff in this action

20  contends he was transferred to Western State Hospital for evaluation in connection with a

21  criminal case (Dkt. # 7).  He alleges he was humiliated by the transfer and seeks monetary

22  damages (Dkt. # 7).  He names as defendants the state, the prosecuting attorney, and plaintiff's

23  defense counsel (Dkt. # 7).  On June 9, 2010, the court entered an order to show cause because

24  under the Eleventh Amendment the state is immune from damages; defense counsel does not act

25  under color of state law; and the prosecutor would enjoy immunity from suit for an action of this

26

REPORT AND RECOMMENDATION- 1

nature (Dkt. # 8).  The plaintiff was directed to file an amended complaint curing the defects noted.  Plaintiff then filed a letter reiterating his claims and expanding his allegations against his defense counsel (Dkt. # 9).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

The State of Washington is not a proper defendant to claims seeking monetary damages in federal court.  States enjoy Eleventh Amendment immunity from such lawsuits.  Quern v. Jordan, 440 U.S. 332, 344-45 (1979).  Further, a state is not "person" within the meaning of 42 U.S.C. § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989).

Plaintiff's defense counsel -- even court appointed counsel -- does not act under color of state law and is therefore not a proper defendant. Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

Prosecutors in the performance of their official duties enjoy prosecutorial immunity from suit. A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages brought under 42 U.S.C. S 1983.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Absolute immunity applies when the challenged activity is intimately associated with the judicial phase of the criminal process. *Id*. at 430.  Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. Ashelman v. Pope, 793 F.2d

1072, 1078 (9th Cir.1986). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. _Id_. Prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process. Miller v. Barilla, 549 F.2d 648, 649 n. 3 (9th Cir. 1977).

Thus, none of the named defendants in this action are proper defendants. Based on the forgoing, the court recommends this action be DISMISSED WITH PREJUDICE for failure to state a claim. This dismissal would count as a strike pursuant to 28 U.S.C. 1915 (g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 27, 2010, as noted in the caption.

Dated this 5th day of August, 2010.


J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3